**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ARLANDA ARNAY SMITH, | : | PRISONER CIVIL RIGHTS |
| INMATE NO. 00158084, | : | |
| Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:07-CV-2166-RWS-GGB |
| SOLOMON DANIELS, ET AL., | : | |
| Defendants. | : | |

**ORDER AND OPINION**

Plaintiff has filed the instant pro se civil rights action. The matter is before this Court for a 28 U.S.C. § 1915A frivolity screening.

I.  The Standard of Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action is either: (1) frivolous, malicious or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint may be dismissed for failure to state a claim when it appears beyond doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Brower v. County of Inyo, 489 U.S. 593, 597 (1989).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by a person acting under color of state law. Id. If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal, pursuant to 28 U.S.C. § 1915A. See Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1974 (2007) (more than merely "conceivable," a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face"); Papasan v. Allain, 478 U.S. 265, 286 (1986) (the court accepts as true the plaintiff's factual contentions, not his or her legal conclusions that are couched as factual allegations); Bolin v. Story, 225 F.3d 1234, 1243 (11th Cir. 2000) (district court correctly dismissed § 1983 claims for failure to assert any specific misconduct against IRS agent); Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992) (the court cannot read into a complaint non-alleged facts).

2

II.   Discussion[1]

   A.   Plaintiff's Allegations

Plaintiff alleges that on the night of September 28, 2006, Defendants Solomon Daniels and Jacquiline Phillips, DeKalb County police officers, entered his home without first knocking to announce their presence. (Doc. 1, attached statement of facts in support of claims, at 1-2). Plaintiff states that he was initially unaware that Defendants were in his home. (Id. at 2). According to Plaintiff, he had woken up, used the restroom, and then went to his living room when Defendants "launched their surprise attack." (Id.). At this time, Plaintiff was allegedly not wearing his prescription glasses, and only the bathroom light was on in his home. (Id.).

Plaintiff states that Daniels initiated the "attack" by striking him "repeatedly about the face with metal handcuffs which immediately resulted in gashes, lacerations and bleeding." (Id.). Plaintiff also alleges that Daniels "repeated[ly] punched and struck . . . [him] with his fist on and about the head, face and neck." (Id.). Both Defendants then allegedly "tackled . . . [] Plaintiff onto his bed." (Id.).

---

[1] In order to improve readability, Plaintiff's minor punctuation errors have been corrected without notation.

3

Next, Defendants allegedly "unleashed a battery of punches, knees, and kicks upon [] Plaintiff from his head, to his face, to his neck, to his shoulder, to his back, to his abdomen, and to his buttocks." (Id.). Plaintiff states that Daniels attempted to pepper spray his eyes, but he sprayed Plaintiff's "nose and mouth." (Id.). Allegedly, "Daniels dropped the pepper spray container, which had a small beaded chain, into Plaintiff's hands." (Id.). Plaintiff states that Daniels then "shouted to Defendant Phillips that he dropped the pepper spray container, and that [] Plaintiff had it." (Id. at 2-3). "In order to recover the pepper spray container, Defendants [allegedly] launched a more intense physical assault upon [] Plaintiff's body." (Id. at 3). "After twenty minutes, Defendant Phillips arose from the attack on [] Plaintiff's bed, turned on a lamp, [and] radioed for assistance. As Defendant Phillips arose from Plaintiff's bed, the change in the balance of weight on the bed [allegedly] caused Defendant Daniels to lose his balance, and he fell off Plaintiff's bed. Defendant Daniels tore his shirt in the fall." (Id.).

After Phillips turned on the bedroom light, Plaintiff states that he recognized her as one of the officers who served him a petition for a temporary protective order in May of 2006. (Id.). Plaintiff alleges that he gave Phillips the pepper spray, and she handcuffed him with his hands in the front of his body. (Id.).

4

Daniels, however, insisted that Plaintiff be handcuffed with his hands behind his back. (Id.). Plaintiff complained that he was having difficulty breathing as a result of the pepper spray and Daniels' choke hold. (Id. at 4). Consequently, Daniels ceased his efforts to handcuff Plaintiff. (Id.).

While he was being escorted out of his home, Plaintiff allegedly reached for his glasses. (Id.). At this point, Phillips allegedly shouted: "He's got a weapon!" (Id.). Phillips and Daniels then drew their guns, and Daniels allegedly "struck [] Plaintiff in the side of the head with his handgun." (Id.). Plaintiff states that he began bleeding and fell to the ground. (Id.). Phillips and Daniels then lifted Plaintiff from the ground, escorted him out of the home, and after reaching the parking lot, Daniels allegedly caused Plaintiff to fall by striking him in the back of the knees. (Id.). Other police officers arrived at this time, and according to Plaintiff, Daniels directed them to handcuff Plaintiff with his hands behind his back. (Id.).

After being taken to the DeKalb County Jail, Plaintiff's alleged injuries were photographed, and he was taken to Grady Memorial Hospital for treatment. (Id. at 5). Plaintiff states that he suffered injuries to his head, face, back, wrists, ankles and body. (Id.). Additionally, Plaintiff alleges that his mouth was bleeding, and

5

AO 72A
(Rev.8/82)

he lost an unspecified number of teeth. (Id.). Plaintiff also complains that the actions of Phillips and Daniels caused him "to bleed continuously from his rectum. (Id.).

Plaintiff contends that he was illegally arrested because the warrant lacked probable cause and "was illegally obtained by false swearing." (Doc. 1 at ¶ IV). As acknowledged by Plaintiff, this claim was previously raised in a related civil rights suit. See Smith v. Mercer, Civil Action No. 1:07-CV-1149-RWS (N.D. Ga. Apr. 21, 2008). On April 21, 2008, the claim was dismissed, pursuant to 28 U.S.C. § 1915A. Id. at Docs. 33-34. For the reasons given in this Court's Order of April 21, 2008, Plaintiff's claim that the arrest warrant was invalid should be dismissed.

Plaintiff also alleges that the actions of Phillips and Daniels violated the Fourteenth Amendment and Georgia law by depriving him of his right "to be free from unlawful attack upon the physical integrity of his person with behavior so egregious and outrageous as to shock the conscience" when they "inflicted bloodshed and bodily injury" upon Plaintiff. (Doc. 1 at ¶ IV). Relatedly, Plaintiff claims that Defendants violated the Fourth Amendment's prohibition against "unreasonable search and seizure" by using "extreme and deadly force" to arrest

6

him. (Id.). Plaintiff seeks compensatory, punitive and exemplary damages. (Doc. 1 at ¶ V).

### B.  Analysis of Plaintiff's Claims

#### 1.  Defendant DeKalb County Sheriff's Department

In addition to Daniels and Phillips, Plaintiff names the DeKalb County Sheriff's Department as a Defendant. The "DeKalb County Sheriff's Department is not a legal entity that can be sued. . . ." Wayne v. Jarvis, 197 F.3d 1098, 1105 (11th Cir. 1999). Thus, Plaintiff claim for money damages cannot be maintained against this Defendant.

#### 2.  Excessive Force

This Court construes Plaintiff's claims that were not raised in his previous action as alleging that Phillips and Daniels used excessive force to arrest him. "[E]xcessive force claims . . . refer to unreasonable force or physical contact exerted by law enforcement agents in the context of arrests, investigatory stops, and seizures of people." Crosby v. Paulk, 187 F.3d 1339, 1351 (11th Cir. 1999). "In determining if force [used during an arrest] was reasonable, courts must examine (1) the need for the application of force, (2) the relationship between the need and amount of force used, and (3) the extent of the injury inflicted." Draper

7

v. Reynolds, 369 F.3d 1270, 1277-78 (11th Cir. 2004) (internal quotation omitted); see also Graham v. Conner, 490 U.S. 386, 396 (1989) (use of force appropriate when the individual "is actively resisting arrest or attempting to evade arrest by flight").

Given the extent of Plaintiff's alleged injuries and his version of the events of the night in question, this Court does not find that his excessive force claim is clearly baseless. Consequently, Plaintiff's claims under the Fourth and Fourteenth Amendments should be allowed to proceed as any other civil action. Having so found, this Court also concludes that it should exercise its supplemental jurisdiction over Plaintiff's contention that Daniels and Phillips violated Georgia law. See 28 U.S.C. § 1367(a).

III.   Conclusion

**IT IS ORDERED** that DeKalb County Sheriff's Office is **DISMISSED** as a party Defendant in this action. Plaintiff's claim that he was illegally arrested as a result of an arrest warrant which was not supported by probable cause and was obtaining by false swearing is **DISMISSED**, pursuant to 28 U.S.C. § 1915A. Plaintiff's claims related to the alleged use of excessive force are **ALLOWED TO PROCEED** as any other civil action against Defendants Daniels and Phillips. For

AO 72A
(Rev.8/82)

the reasons given below, Plaintiff's motion for issuance of subpoenas [Doc. 10] is **DENIED**.

The Clerk is **DIRECTED** to send Plaintiff the USM 285 form, summons, and the initial disclosures form.  Plaintiff is **DIRECTED** to complete the USM 285 form, summons, and the initial disclosures form, and to return one of each for each Defendant within twenty (20) days from the entry date of this Order to the Clerk of Court.  Plaintiff is warned that failure to comply in a timely manner could result in the dismissal of this civil action.  The Clerk is **DIRECTED** to resubmit this action to the undersigned if Plaintiff fails to comply.

Upon receipt of the forms by the Clerk, the Clerk is **DIRECTED** to prepare a service waiver package for each Defendant.  The service waiver package must include for each Defendant two (2) Notices of Lawsuit and Request for Waiver of Service of Summons (prepared by the Clerk), two (2) Waiver of Service of Summons forms (prepared by the Clerk), an envelope addressed to the Clerk of Court with adequate first class postage for use by each Defendant for return of the waiver form, one (1) copy of the complaint, one (1) copy of the initial disclosures form, and one (1) copy of this Order.  The Clerk shall retain the USM 285 forms and the summonses.

Upon completion of the service waiver packages, the Clerk is **DIRECTED** to complete the lower portion of the Notice of Lawsuit and Request for Waiver form and to mail the service waiver packages to each Defendant. Defendants have a duty to avoid unnecessary costs of serving the summons. If a Defendant fails to comply with the request for waiver of service, that Defendant must bear the costs of personal service unless good cause can be shown for failure to return the Waiver of Service form.

In the event a Defendant does not return the Waiver of Service form to the Clerk of Court within thirty-five (35) days following the date the service waiver package was mailed, the Clerk is **DIRECTED** to prepare and transmit to the U.S. Marshal's Service a service package for each Defendant who failed to return the waiver form. The service package must include the USM 285 form, the summons, and one (1) copy of the complaint. Upon receipt of the service packages(s), the U.S. Marshal's Service is **DIRECTED** to personally serve each Defendant who failed to waive service. The executed waiver form or the completed USM 285 form shall be filed with the Clerk.

Plaintiff is **DIRECTED** to serve upon Defendants or their counsel a copy of every additional pleading or other document which is filed with the Clerk of the

10

AO 72A
(Rev.8/82)

Court. Each pleading or other document filed with the Clerk shall include a certificate stating the date on which an accurate copy of that paper was mailed to Defendants or their counsel. This Court shall disregard any submitted papers which have not been properly filed with the Clerk or which do not include a certificate of service.

Plaintiff is also **REQUIRED** to **KEEP** the Court and Defendants advised of his current address at all times during the pendency of this action. Plaintiff is admonished that the failure to do so may result in the dismissal of this action.

This case **SHALL PROCEED** on a four (4) month discovery track, beginning thirty (30) days after the appearance of the first Defendant by answer to the complaint, subject to extension by motion filed prior to the expiration of that discovery period. See N.D. Ga., LR 26.2.A & B.

**IT IS SO ORDERED**, this  6th  day of May, 2008.

*[Signature]*

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)