# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| ARLANDA ARNAY SMITH, INMATE NO. 00158084, | : : | PRISONER CIVIL RIGHTS |
| Plaintiff, | : : | 42 U.S.C. § 1983 |
| v. | : : | CIVIL ACTION NO. 1:07-CV-2166-RWS-GGB |
| SOLOMON DANIELS and JACQUILINE PHILLIPS, | : : : | |
| Defendants. | : | |

## **ORDER**

Plaintiff has filed a motion for protection order [Doc. 60], motion to amend complaint [Doc. 61], motion to compel Defendants to serve their initial disclosures [Doc. 62], second motion to amend complaint [Doc. 64], motion for copy of civil docket [Doc. 69], and motion for appointment of counsel [Doc. 71]. Defendants have filed responses to the substantive motions [Docs. 63, 65-66, and 68], and Plaintiff has filed two replies to Defendants' two responses to Plaintiff's two motions to amend complaint [Docs. 70 and 72].

I.  Motion for Protection Order,

In his motion for protection order, Plaintiff seeks to have this Court restrict access to his mental health records which he submitted in his motion to lift stay. (Doc. 60). Plaintiff also seeks to have access to his case file restricted to the

parties of this action and to have his case file sealed at the close of this case. (Id. at 2-3). Defendants do not oppose restricting access to Plaintiff's medical information. (Doc. 63). Specifically, Defendants agree "not disclose Plaintiff's protected health information to any non-party or non-parties without prior authorization from this Court or some other court of competent jurisdiction" and to "return any and all copies of Plaintiff's protected health information to Plaintiff immediately at the close of this case." (Id. at 2). Defendants maintain that sealing the entire case file at the close of this action is not necessary, but they do not oppose sealing Plaintiff's protected health information. (Id.).

Pursuant to Fed. R. Civ. P. 26(c)(1)(A), this Court may limit the disclosure of Plaintiff's medical records. As Defendants do not object either to limiting disclosure of those records or to sealing them, Plaintiff's motion should be granted as it pertains to his medical records. Plaintiff does not attempt to explain why limiting access to his entire case file is necessary. Therefore, only Plaintiff's medical records are ordered sealed.

II.     Motions to Amend

Plaintiff has filed two motions to amend this action. (Docs. 61 and 64). In his first motion to amend, Plaintiff seeks to raise six claims related to his arrest and

2

pending state criminal case. (Doc. 64 at 1-2). Plaintiff previously sought to raise these claims in two actions which were dismissed and in a denied motion to amend. (Docs. 19 and 27). For the reasons given in the previous Order [Doc. 27], this motion to amend is denied.

Additionally, this Court agrees with Defendants that Plaintiff's repeated attempts to litigate these same issues shows a lack of respect for this Court's authority. Plaintiff's claim that this Court permitted him to renew several motions after the stay of this action was lifted is not applicable to his efforts to relitigate these six claims. (Doc. 70 at 1). Plaintiff's previous motion to amend and the two previous actions were denied on the merits. (Doc. 27). If Plaintiff continues to raise issues which have already been resolved, this Court may have no choice but to impose sanctions, including costs and attorney's fees.

In Plaintiff's second motion to amend, he seeks to have the DeKalb County Sheriff's Office removed from the style of this action. (Doc. 64 at 1-2). Plaintiff also seeks to amend the complaint by having Defendants sued in their individual capacity and in their official capacity with the DeKalb County Sheriff's Office. (Id. at 2).

AO 72A
(Rev.8/82)

This Court previously dismissed the DeKalb County Sheriff's Office as a Defendant in this action. (Doc. 11 at 7). Thus, this portion of the second motion to amend is moot.

As to the second request in this motion, the initial complaint was silent as to the capacity in which Defendants were being sued. However, in deference to Plaintiff's pro se status, this Court should construe the action as being filed against Defendants in their individual and official capacities. See Brown v. Crawford, 906 F.2d 667, 673 (11th Cir. 1990). Therefore, this portion of Plaintiff's second motion to amend is granted.

III.  Motion to Compel Defendants to Serve their Initial Disclosures

Plaintiff seeks to have this Court order Defendants to serve their initial disclosures. (Doc. 62). Defendants have filed their initial disclosures. (Doc. 67). This motion is denied as moot.

IV.  Motion for Appointment of Counsel

Plaintiff asks this Court to appoint counsel to represent him in this civil action. (Doc. 71). Appointment of counsel in civil cases is a privilege "justified only by exceptional circumstances," such as the presence of "facts and legal issues [which] are so novel or complex as to require the assistance of a trained

4

practitioner." Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987). Plaintiff seeks the assistance of counsel in order to litigate his previously dismissed claims related to his arrest and pending state criminal case. (Doc. 71, supporting brief at 3). Plaintiff may not pursue those claims in this action, and he presents no other exceptional circumstance warranting the appointment of counsel. This motion is denied.

V. Conclusion

**IT IS ORDERED** that Plaintiff's motion for protection order [Doc. 60] is **GRANTED IN PART**. Defendants are not to disclose Plaintiff's protected health information to any non-party or non-parties without prior authorization from this Court or some other court of competent jurisdiction and to return any and all copies of Plaintiff's protected health information to Plaintiff immediately at the close of this case. Plaintiff's motion to amend complaint [Doc. 61] is **DENIED**. Plaintiff's motion to compel Defendants to serve their initial disclosures [Doc. 62] is **DENIED AS MOOT**. Plaintiff's second motion to amend complaint [Doc. 64] is **DENIED IN PART AND GRANTED IN PART**. Plaintiff's motion for copy of civil docket [Doc. 69] is **GRANTED**. Plaintiff's motion for appointment of counsel [Doc. 71] is **DENIED**.

The Clerk of the Court is **DIRECTED** to seal Plaintiff's health records [Doc. 58, attachments] at the close of this action. The Clerk is further **DIRECTED** to send Plaintiff a copy of the docket for this action and to **AMEND** the style of this action to reflect that Defendants Solomon Daniels and Jacquiline Phillips are being sued in their individual capacity and in their official capacity as Deputy Sheriffs of the DeKalb County Sheriff's Office.

**IT IS SO ORDERED**, this  8th  day of July, 2009.

**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)