# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| ARLANDA ARNAY SMITH, | : | PRISONER CIVIL RIGHTS |
|    Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| SOLOMON DANIELS, | : | CIVIL ACTION NOS. |
| JACQUILINE PHILLIPS, | : | 1:07-CV-2166-RWS |
|    Defendants. | : | |

## ORDER

This matter is before the Court on Plaintiff's motion for reconsideration (Doc. No. 153) and brief in support (Doc. No. 154), Defendants' response (Doc. No. 155), and Plaintiff's motion for an extension of time in which to reply (Doc. No. 160) and Plaintiff's reply (Doc. No. 161); and Plaintiff's motion for a leave of absence from January 17, 2011 through February 3, 2011 to prepare for a state trial (Doc. No. 157). For good cause shown, Plaintiff's motions for an extension of time and for a leave of absence shall be granted, and, for the reasons discussed below, Plaintiff's motion for reconsideration shall be denied.

## I. Discussion

By Order entered on November 24, 2010, the Court (1) denied Plaintiff's motion to amend and add a malicious-prosecution/false-arrest claim, (2) found bad faith in

Plaintiff's disregard of the Court's earlier decision and instruction that Plaintiff should bring such a claim in a separate action,[1] and (3) granted Defendants' motion for sanctions, "subject to Defendants submitting an affidavit from counsel showing the time spent in preparing . . . 'Defendants' Response to Plaintiff's Motion for Leave to File Amended Complaint and Defendants' Cross Motion for Sanctions,' filed October 13, 2010, and 'Defendants' Reply Brief in Support of Defendants' Motion for Sanctions,' filed November 8, 2010." (Doc. No. 151 at 5-10, 30-31.)

Plaintiff seeks reconsideration based on an "intervening change in controlling law and a need to correct a clear error of law." (Doc. No. 154 at 1.)[2] Plaintiff identifies no intervening change in controlling law, but asserts that it was a clear error of law to find that his motion to amend was submitted in bad faith when (1) he must bring his malicious-prosecution/false-arrest claim in this action as it arises from the same transaction and facts as involved in the excessive force claim; (2) this Court has already dismissed his malicious-prosecution/false-arrest claim; and (3) he cannot raise

---

[1] The Court also stated that (1) Plaintiff's most recent attempt to amend had been preceded by other, repeated, attempts to amend and (2) the Court previously had warned Plaintiff that, if he continued to raise the same matter, it "may have no choice but to impose sanctions." (Doc. No. 151 at 5-6.)

[2] Plaintiff did not number the pages in his Brief in Support (Doc. No. 154), and the Court refers to unnumbered pages when citing to his Brief.

his malicious-prosecution/false-arrest claim in another lawsuit. (Id. at 3-8.) Plaintiff, however, admits that he is now proceeding on his malicious-prosecution/false-arrest claim in another action.[3] (Id. at 9.) Otherwise, Plaintiff argues the merits of his false-arrest/malicious-prosecution claim. (Id. at 10-20.)

Defendants respond that reconsideration should be denied because Plaintiff cannot show that he was legally estopped from raising his malicious-prosecution/false-arrest claims in another action, and, in fact, has done just that. (Doc. No. 155 at 7.)[4] Plaintiff replies that it was not egregious for a pro se litigant to want to preserve his right to raise his false-arrest/malicious-prosecution claim and that his motion to amend was not filed in "bad faith for an improper purpose." (Doc. No. 161 at 6-7.) Further, Plaintiff asserts that the Court should reconsider and let him amend to add his malicious-prosecution/false-arrest claim because he never intended to bring a discrete excessive force claim. (Id. at 10-11.) Plaintiff contends that the Court's construction

---

[3] See Order filed 1/07/2010 at 5-6, Smith v. Mercer, No. 1:09-CV-3008 (N.D. Ga. filed Oct. 20, 2009) (allowing Plaintiff's malicious-prosecution/false-arrest claims to proceed).

[4] In their response to Plaintiff's motion to reconsider, and apparently in response to the Court's grant of Defendants' motion for sanctions and directive, Defendants state that they attached an affidavit in support of attorney's fees. (Doc. No. 155 at 2 n.3.) That affidavit, however, was not attached.

3

of his malicious-prosecution/false-arrest claim as a discrete excessive force claim – requiring an examination of the need for force, the amount of force used, and whether it was excessive in the circumstances – "tips the scales in Defendants' favor" and prejudices Plaintiff.  (Id. at 10-11.)  In his reply, Plaintiff also requests a hearing in regard to sanctions.  (Id. at 12.)

A party may move for alteration or amendment of a judgment if the motion is filed within twenty-eight days of the entry of judgment.  Fed. R. Civ. P. 59(e).  The grounds, under Rule 59(e), for reconsidering a judgment are "an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice."  United States v. Battle, 272 F. Supp. 2d 1354, 1357 (N.D. Ga. 2003).  A Rule 59(e) motion "is not to serve as a vehicle to relitigate old matters or present the case under a new legal theory . . . [or] to give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment."  Mincey v. Head, 206 F.3d 1106, 1137 n.69 (11th Cir. 2000) (citation omitted).

In his timely motion to reconsider, Plaintiff does not set forth any previously unavailable facts or law and fails to show any clear error or manifest injustice in the

AO 72A
(Rev.8/8
2)

Court's denial of his motion to amend[5] and grant of Defendants' motion for sanctions. The Court finds that Plaintiff's repeated attempts to amend, despite the Court's warning, exceeded the need to preserve Plaintiff's claim and showed bad faith. The Court finds nothing that persuades it to retreat from its previous decision in regard to Plaintiff's motion to amend and/or Defendants' motion for sanctions.

## II.  Conclusion

For the reasons given,

**IT IS ORDERED** that Plaintiff's motion for reconsideration (Doc. No. 153) is **DENIED**.

**IT IS ORDERED** that Plaintiff's request for a hearing in regard to sanctions (Doc. No. 161 at 12) is **GRANTED**, and, during the pretrial conference, set for February 17, 2011 at 9:30 a.m., the parties may be heard regarding the amount of sanctions[6] to be imposed.

---

[5] Indeed, contrary to Plaintiff's insistence that he will be barred from bringing his malicious-prosecution/false-arrest claims in another action, he admits that he has filed another action raising those claims.

[6] The Court shall take into consideration Defendants' costs, as previously stated, and Plaintiff's ability to pay. See Martin v. Automobili Lamborghini Exclusive, Inc., 307 F.3d 1332, 1337 (11th Cir. 2002).

**IT IS FURTHER ORDERED** that Plaintiff's motion for an extension of time in which to reply (Doc. No. 160) is **GRANTED**, nunc pro tunc, and Plaintiff's motion for leave of absence from January 17, 2011 through February 3, 2011 is **GRANTED**.

**IT IS SO ORDERED,** this  2nd  day of February, 2011.


_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)